IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,

                Plaintiff,                              ORDER

      v.                                                   09-cv-442-bbc

RICHARD RAEMISCH, CATHY JESS,
RICHARD PHILLIPS, C.O. II M. ROHR
and SUSAN WALLINTIN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on August 11, 2010 granting defendants' motion for summary judgment and closing this case. In an order entered on December 15, 2011, I denied plaintiff's request to file a late notice of appeal. Now plaintiff has filed a "motion to alter or amend" the December 15 order along with a notice of appeal of the final judgment dated December 19, 2011, a request to proceed in forma pauperis on appeal and a certified copy of his six-month trust fund account statement.

      Attached to plaintiff's motion to amend the December 15 order is a copy of a notice of appeal and certificate of service dated August 20, 2010. In a document entitled "Order to Show Cause," dkt. #47, which is sworn to and in a second sworn document entitled

1

"Declaration," dkt. #55, plaintiff avers that this court never received the August 20, 2010 appeal because his mail had been tampered with at the Green Bay Correctional Institution and that the Wisconsin Department of Corrections destroyed his civil legal materials in this case. I note the inconsistency of plaintiff's statements with his submissions. Plaintiff managed to produce a copy of a notice of appeal dated August 20, 2010, which shows he has at least some of his legal materials in his possession. Clearly, not all of them have been destroyed. In any event, that does not change the fact that only now, more than a year after the expiration of the time for filing an appeal, has plaintiff attempted to resolve this issue. Because nothing in plaintiff's motion to alter or amend shows that it was error to deny his request for an enlargement of time to file a notice of appeal, plaintiff's motion will be denied.

Turning to plaintiff's notice of appeal, I note that plaintiff's appeal may be untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). The district court's role with respect to an appeal is limited. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or if the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir 1998). In this case, plaintiff does not have three strikes and I do not intend to certify that plaintiff's appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been

calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his appeal.  28 U.S.C. § 1915(a)(2).  I calculate this initial partial payment to be $97.50.

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  The only amount plaintiff must pay at this time is the $97.50 initial partial appeal payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that plaintiff Parish Golden's motion to alter or amend the December 15, 2011 order, dkt. 54, is DENIED.

Further, IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is GRANTED.  Plaintiff may have until January 19, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $97.50. If, by January 19, 2012, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this

appeal. The clerk of court is requested to insure that the court's financial records reflect plaintiff's obligation to pay the $97.50 initial partial payment and the remainder of the $455 fee in monthly installments.

Entered this 30th day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge