IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PARISH GOLDEN,

                Plaintiff,                       ORDER

        v.                                  09-cv-442-bbc

RICHARD RAEMISCH, CATHY JESS,
RICHARD PHILLIPS, C.O. II M. ROHR and
SUSAN WALLINTIN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on August 11, 2010 granting defendants' motion for summary judgment and closing this case. On December 30, 2011, I denied plaintiff's motion to alter or amend judgment and granted his request for leave to proceed <u>in forma pauperis</u> on appeal. Now before the court is plaintiff's second notice of appeal, which I construe to also include a request for leave to proceed <u>in forma pauperis</u> on appeal. Dkt. #56. Plaintiff has submitted a trust fund account statement for the six months preceding the filing of his appeal.

Plaintiff's second appeal may be untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. <u>Hyche v. Christensen</u>, 170 F.3d

1

769, 770 (7th Cir. 1999).  As I stated in my December 30 order, plaintiff's request for leave to proceed  in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith.

However, plaintiff is required to make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal.  28 U.S.C. § 1915(a)(2).  From plaintiff's trust fund account statement, I conclude that he is qualifies for indigent status.  Further, I assess plaintiff an initial partial payment of the $455 fee for filing his appeal in the amount of $97.50.

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  The only amount plaintiff must pay at this time is the $97.50 initial partial appeal payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal, dkt #56, is GRANTED. Plaintiff may have until May 9, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $97.50. If, by May 9, 2012, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal. The clerk of court is requested to insure that the court's financial records reflect plaintiff's obligation to pay the $97.50 initial partial payment and the remainder of the $455 fee in monthly installments.

Entered this 18th day of April, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge